STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

October 14, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GEOLOGICAL TECHNOLOGIES, INC.,**
**Employer Below, Petitioner**

vs.)    **No. 14-0480** (BOR Appeal No. 2048718)
                    (Claim No. 2011007746)

**CHRISTOPHER GILL AND NICOLE GILL, DEPENDENTS OF**
**CHARLES R. GILL, DECEASED**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Geological Technologies, Inc., by Timothy E. Huffman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Nicole Gill, dependent of Charles R. Gill, by Reginald D. Henry, her attorney, filed a timely response. Christopher Gill, dependent of Charles R. Gill, by John H. Shumate, Jr., also filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 21, 2014, in which the Board affirmed an August 19, 2013, Order of the Workers' Compensation Office of Judges and a July 30, 2013, interlocutory Order from the Office of Judges. In its August 19, 2013, Order, the Office of Judges affirmed the claims administrator's February 22, 2011, decision to grant dependent's benefits. In its July 30, 2013, interlocutory Order, the Office of Judges denied Geological Technologies, Inc.'s, request to amend the date of last exposure, add additional employers, and dismiss it as the chargeable employer. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Gill, a driller for Geological Technologies, Inc., passed away on December 9, 2009. Mr. Gill's son and daughter filed for dependent's benefits alleging that occupational pneumoconiosis materially contributed to his death. On December 6, 2010, the claims administrator determined that Geological Technologies, Inc., was the chargeable employer and that the date of last exposure was April 30, 2008. Geological Technologies, Inc., never appealed the claims administrator's decision that it was the chargeable employer with a date of last exposure being April 30, 2008.

The case was then sent to the Occupational Pneumoconiosis Board for evaluation. On February 1, 2011, the Occupational Pneumoconiosis Board submitted its findings. The Occupational Pneumoconiosis Board determined that occupational pneumoconiosis materially contributed to Mr. Gill's death. On August 1, 2012, the Occupational Pneumoconiosis Board was called to testify. Jack L. Kinder Jr, M.D., and John Wills, M.D., testified that Mr. Gill had been examined three times by the Occupational Pneumoconiosis Board between 1992 and 2001. The autopsy of the lungs showed no lung cancer and massive fibrosis consistent with occupational pneumoconiosis. The Occupational Pneumoconiosis Board opined that there was no evidence of lung cancer in the post-mortem examination because Mr. Gill was undergoing chemotherapy at the time of his death. Dr. Kinder did not believe the lung cancer was caused by dust exposure. The Occupational Pneumoconiosis Board found that it was quite clear from the autopsy that Mr.. Gill suffered from massive fibrosis of the lungs due to coal mine dust exposure. He had large opacities in both of the upper lobes and smaller opacities scattered throughout the lungs. Dr. Kinder explained that all of the evidence pointed to complicated occupational pneumoconiosis as the cause of death.

On February 22, 2011, based upon the recommendations of the Occupational Pneumoconiosis Board the claims administrator found that occupational pneumoconiosis materially contributed to Mr. Gill's death. As such, the claims administrator awarded dependent's benefits. Geological Technologies, Inc., appealed the decision that occupational pneumoconiosis materially contributed to Mr. Gill's death. In addition, Geological Technologies, Inc., filed a motion to amend the date of last exposure, to add additional employers, and to dismiss it as the chargeable employer.

On July 30, 2013, the Office of Judges denied Geological Technologies, Inc.'s, request to amend the date of last exposure, add additional employers, and dismiss it as the chargeable employer. The Office of Judges determined that it had no jurisdiction to consider those questions. The Office of Judges noted that Geological Technologies, Inc., did not appeal the December 6, 2010, Order, which found it to be the chargeable employer. The Office of Judges found that since Geological Technologies, Inc., neither appealed the December 6, 2010, Order nor brought up the issue in the February 22, 2011, Order, the Office of Judges had no jurisdiction on the issue of exposure. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On August 19, 2013, the Office of Judges found that occupational pneumoconiosis was a material contributing factor in Mr. Gill's death. The Office of Judges heard testimony from Dr. Kinder. Dr. Kinder opined that it was very clear from the autopsy occupational pneumoconiosis

2

materially contributed to Mr. Gill's death. Dr. Kinder noted that his lungs had massive fibrosis due to coal mine dust exposure. Dr. Kinder found large opacities in the upper lobes and a progression of the background, small opacities consistent with complicated pneumoconiosis. Dr. Kinder did note that Mr. Gill was diagnosed with lung cancer. However, his cancer was inoperable due to the limited lung capacity caused by coal dust exposure. Dr. Kinder found no evidence of cancer in the autopsy and opined that the chemotherapy was responsible for that finding. Dr. Kinder believed the massive fibrosis was directly related to coal dust exposure. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and Board of Review. Pursuant to the Court's holding in *Bradford v. Workers' Compensation Commissioner*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991), dependent's benefits should be awarded when the "injury or disease contributed in any material degree to the death" of the decedent. Based upon the final autopsy and imaging studies which showed massive fibrosis consistent with complicated occupational pneumoconiosis, the Occupational Pneumoconiosis Board determined that occupational pneumoconiosis materially contributed to Mr. Gill's death. The opinion of the Occupational Pneumoconiosis Board must be followed unless it is "clearly wrong in view of the reliable, probative and substantial evidence on the whole record." W. Va. Code § 23-4-6a (2005). There is not enough probative and substantial evidence to show that Mr. Gill's death was not materially contributed to by occupational pneumoconiosis. The Office of Judges and Board of Review were also correct in declining to amend the date of last exposure, to add additional employers, and to dismiss Geological Technologies, Inc., as the chargeable employer. Pursuant to West Virginia Code § 25-5-1(b)1 (2009),

> The action of the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, is final unless the decision is protested within sixty days after the receipt of such decision unless a protest is filed within the sixty-day period, the finding or action is final. This time limitation is a condition of the right to litigate the finding or action and hence jurisdictional.

Geological Technologies, Inc., failed to timely protest the December 6, 2010, decision which found the date of last exposure and the employers that shared responsibility for Mr. Gill's occupational pneumoconiosis. The Office of Judges was correct to find that it had no jurisdiction to consider whether Geological Technologies, Inc., was properly found to be the chargeable employer, what was the date of last exposure, and whether other employers should have been added because those issues became final after Geological Technologies, Inc., failed to timely protest the December 6, 2010, decision. As a result, both Orders of the Office of Judges and the decision of the Board of Review were without error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 14, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4